IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JEROD MATTHEW SMITH                                                                                    PLAINTIFF

v.

HEATH C. NICHOLAS AND PAULETTE NICHOLAS;
UNITED STATES OF AMERICA, INTERNAL REVENUE
SERVICE; TIMOTHY J. LEATHERS, ARKANSAS
DEPARTMENT OF FINANCE AND ADMINISTRATION;
ARTEE WILLIAMS, DIRECTOR OF ARKANSAS
WORKFORCE SERVICES; PROFESSIONAL CREDIT
MANAGEMENT, INC.; AND THE ARKANSAS OFFICE
OF CHILD SUPPORT ENFORCEMENT                                                             DEFENDANTS

Case No. 3:11-CV-03035

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE                                                              COUNTER-CLAIMANT

v.

JEROD MATTHEW SMITH                                                              COUNTER-DEFENDANT

## PROTECTIVE ORDER

Upon the Motion for Protective Order (Doc. 20) of the United States of America, Internal Revenue Service, this Court, having been duly advised, hereby ORDERS that:

1.      This Order governs the treatment and handling of all federal tax information and documents (including, without limitation, answers to interrogatories, responses to requests for production, responses to requests for admission, deposition testimony, deposition transcripts, deposition exhibits, and other written, recorded or graphic matter, and copies of the foregoing) ("discovery material or information") produced in accordance with Rule 26 of the Federal Rules of Civil Procedure or any order of the Court, by the United States of America, Internal Revenue

Service, including any attorney, employee or other agent of said party.

    2.    The United States of America, Internal Revenue Service, its attorneys, employees and other agents, may disclose to the other parties to this litigation any and all tax records pertaining to Heath C. Nicholas and/or Paulette Nicholas, in whole or in part, which contain information within the proper scope of discovery under Federal Rule of Civil Procedure 26.  The United States of America, Internal Revenue Service, shall have the sole authority to determine what records are subject to such disclosure and shall have no liability for disclosure of such information that is later determined to not be subject to discovery under Federal Rule of Civil Procedure 26.  However, any party shall have the right to petition this Court for an order directing the United States of America, Internal Revenue Service, to not disclose any particular information pursuant to this Order; however, the United States of America, Internal Revenue Service, its attorneys, employees and other agents shall have no liability for any such disclosure prior to being placed on notice that this Court has entered an Order directing that such information not be disclosed.  Any party shall have the right to petition this Court for an order directing the United States of America, Internal Revenue Service, to disclose any particular information which the United States of America, Internal Revenue Service, has refused to disclose.

    3.    Tax Information received through discovery shall not be disclosed or disseminated to anyone, except:

    (a)    A party, counsel for any party and the employee of such counsel to whom it is necessary that the information be disclosed for purposes of preparation for and litigation of this action;

    (b)    Any expert engaged by a party for the purpose of assisting in the preparation of

this litigation;

(c) Any person who was involved in the preparation of the document or information;

(d) The Court, the jury, court personnel, court reporters and persons engaged to make copies;

(e) Witnesses may be shown such documents to the extent that it is necessary for the preparation of their testimony; however, in no event shall witnesses be provided a copy of such material if such person is only entitled access to such documents pursuant to this subparagraph;

(f) Agents and employees of the Department of Justice, and Internal Revenue Service who are involved in investigation of the allegations contained in the pleadings, and/or preparation for trial; and

(g) Any other person, entity, or firm with the prior written consent of the person whose tax information is being disclosed.

4. Each person to whom such tax information will be disseminated (other than the Court, the jury, court personnel, court reporters, and employees of the Department of Justice and employees of the Internal Revenue Service) will be required, prior to any such dissemination, to receive and read a copy of this PROTECTIVE ORDER.

5. Within thirty (30) days of the close of this litigation for any reason, counsel for each party shall retrieve all copies of tax materials from experts or other persons to whom he, she or it has provided such materials consistent with this Order, and shall do one of the following: (1) return to the producing party all such materials, including all copies thereof, produced by such party during the action or (2) certify in writing to counsel for all parties that all such materials produced by such

other party during this action have been destroyed. Destruction shall be at least to the security level of a cross cut shredding machine. All tax information which has been placed in any computer data bank shall be completely erased, and any documents listing or summarizing such information shall be destroyed within the same period. "Close of this litigation" shall be considered to have occurred when a judgment or final order determining all issues of the case has been entered, and the time to appeal or otherwise contest such judgment or order has expired.

6. Nothing herein contained shall be construed to preclude or limit any party from opposing any discovery on any ground that would not otherwise be available. Entry of this Order shall not, in and of itself, prejudice any contention of any party upon any motion, nor shall this Order and any consent hereto constitute a waiver of any right to seek relief from the Court from any and all of the provisions hereof or other modifications of the terms hereof. This Order shall not limit any party's right to seek judicial review or to seek further and additional protection against or limitation upon production or dissemination of information and documents or their contents.

7. Nothing herein shall be construed to preclude or limit the presence of any individual at any hearing or the trial of this action.

8. The parties, their attorneys, their agents and their employees by complying with this Order hereby are relieved of any penalties to which they would otherwise be subjected pursuant to laws pertaining to confidentiality of the tax material which is the subject of this Order.

IT IS SO ORDERED this 17th day of April, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE