IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JEROD MATTHEW SMITH                                                                    PLAINTIFF

v.                                         Case No. 3:11-CV-03035

HEATH C. NICHOLAS AND PAULETTE
NICHOLAS; UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE; TIMOTHY
J. LEATHERS, ARKANSAS DEPARTMENT
OF FINANCE AND ADMINISTRATION;
ARTEE WILLIAMS, ARKANSAS WORKFORCE SERVICES;
PROFESSIONAL CREDIT MANAGEMENT, INC.;
and THE ARKANSAS OFFICE OF CHILD SUPPORT
ENFORCEMENT                                                                            DEFENDANTS

UNITED STATES OF AMERICA, INTERNAL
REVENUE SERVICE                                                                 COUNTER-CLAIMANT

v.

JEROD MATTHEW SMITH                                                         COUNTER-DEFENDANT


**DECREE OF FORECLOSURE**

Now on this 20th day of August, 2012, the Court being advised that the parties to this matter have consented and agreed to the following finds:

1. That this Court has jurisdiction over the parties and subject matter.

2. That on March 24, 2011, Plaintiff Jerod Matthew Smith filed a Complaint for Foreclosure in the Circuit Court of Boone County, Arkansas. Defendant United States of America, Internal Revenue Service, removed the Circuit Court case to this Court.

3. That the following Defendants filed Answers to the Complaint, to-wit:

-1-

- The United States of America, Internal Revenue Service, represented by Claude S. Hawkins, Assistant U.S. Attorney

- Heath C. Nicholas and Paulette Nicholas, by Seth Irwin, Attorney

- Arkansas DFA Revenue Legal Counsel, by Michael Jay Wehrle, Attorney

- Arkansas Workforce Services, by Allan Pruitt, Attorney

- Professional Credit Management, Inc., by Bryce D. Cook, Attorney

- Arkansas Office of Child Support Enforcement, by Kimberly J. Keller, Attorney.

4.     That Plaintiff Jerod Matthew Smith is the holder/owner of a Promissory Note in the original amount of $142,000, dated October 30, 1998, bearing interest of 7.5% per annum originally in favor of First Federal Bank of Arkansas, N.A.  Plaintiff purchased the unpaid balance of the Note, together with all rights of the original lender in a written assignment dated May 14, 2010. That the borrowers, Defendants Heath C. Nicholas and Paulette Nicholas, have failed to make the required payments and are in default.

5.     That to secure the repayment of the above described Promissory Note, Defendants Heath C. Nicholas and Paulette Nicholas executed and delivered a real estate Mortgage conveying the following real estate located in Boone County, to-wit:

> A part of the Southwest Quarter of the Southeast Quarter of Section 35, Township 19 North, Range 21 West, Boone County, Arkansas, described as follows: Commencing at a 3/8 inch iron rod found for the Northeast Corner of the Southwest Quarter of the Southeast Quarter of said Section 35; thence South 01 degrees 35 minutes 04 seconds West 471.84 feet to a point in the County Road for the Point of Beginning; thence with the East line of this tract South 01 degrees 35 minutes 04 seconds West 471.71 feet to a 3/8 inch iron rod found for the Southeast Corner of this tract; thence with the South line of this tract South 88 degrees 51 minutes 34 seconds West 1328.36 feet to a 3/8 inch iron rod found for the Southwest Corner of this tract; thence with the West line of this tract North 00 degrees 53 minutes 39 seconds East 442.70

    feet to a 3/8 inch iron rod found for the Northwest Corner of this tract; thence with the North line of this tract North 80 degrees 39 minutes 54 seconds East 1149.99 feet to a point in the County Road also being the Northeast Corner of this tract; thence with the County Road and the East line of this tract the following calls: South 21 degrees 43 minutes 35 seconds East 39.72 feet; South 62 degrees 57 minutes 27 seconds East 207.45 feet to the point of beginning. This tract subject to a County Road Right-of-way.

Said Mortgage was recorded on November 3, 1998, Boone County records as Instrument No. 98-007640. Plaintiff's assignment is recorded in Boone County records as Document No. 10-002485.

6.    That despite demands and notices, Plaintiff Jerod Matthew Smith is entitled to judgment against Defendants Heath C. Nicholas and Paulette Nicholas in the following amounts:

| | |
|---|---:|
| Principal Balance | $62,437.52 |
| Acc. Interest to 8/15/12 | 9,832.34 |
| Late Charges (Bank) | 658.20 |
| Insurance Charges (Bank) | 171.82 |
| Collection Costs (Bank) | 2,015.41 |
| Total Due | $75, 115.29 |

Defendants Heath C. Nicholas and Paulette Nicholas are in default of the aforesaid Note and Mortgage, and Plaintiff has declared the entire balance to be accelerated, together with all accrued interest, late charges, attorney's fees and collection and legal costs, all to be presently due and payable.

7.    For valuable consideration, Defendants Heath C. Nicholas and Paulette Nicholas waived all rights of appraisement, sale, redemption and homestead, and particularly all rights of redemption under the acts of Arkansas approved by legislature on May 8, 1899, and acts amendatory thereof. Defendants Heath C. Nicholas and Paulette Nicholas have also expressly waived all rights and possibility of dower curtsey and homestead in the subject real estate.

8.       That Defendants United States of America, Arkansas DFA, Arkansas Workforce Services, and Professional Credit Management all have debt claims against Defendants Heath C. Nicholas and Paulette Nicholas and the subject property, which claims are all inferior to Plaintiff's Mortgage claim as set out above in paragraph No. 5 of this Decree.  The Arkansas Child Support Services does not have a lien or other claim to the subject property.  The priorities and amounts of all parties with liens are as follows:

- a. Jerod Matthew Smith; Deed of Trust; $75,115.29; first priority;
- b. United States (IRS); Federal Tax Lien; $136,241.03; second priority;[1]
- c. Arkansas Department of Workforce Services;$212.05; third priority;[2]
- d. United States (IRS); Federal Tax Lien; $50,871.77; fourth priority;
- e. Arkansas Department of Finance and Administration; $53,308.65; fifth priority;[3]
- f. Arkansas Department of Finance and Administration; $53,981.08; sixth priority;
- g. United States (IRS); Federal Tax Lien; $32,684.71; seventh priority;
- h. United States (IRS); Federal Tax Lien; $59,351.24; eighth priority;
- i. United States (IRS); Federal Tax Lien; $14,071.31; ninth priority;
- j. United States (IRS); Federal Tax Lien; $24,418.31; tenth priority;

---

[1] All amounts owing to the United States (IRS) are computed through June 30, 2012, and penalties and/or interest will accrue on said amounts after June 30, 2012.

[2] Date of filing is May 21, 2002, and interest accrues from that date at the rate of 10% per annum.

[3] All amounts owing to Arkansas Department of Finance and Administration are computed through July 5, 2012, and penalties and/or interest will accrue on said amounts after July 5, 2012.

      k.      Arkansas Department of Finance and Administration; $12,206.30; eleventh priority;

      l.      Arkansas Department of Finance and Administration; $17,927.99; twelfth priority;

      m.      Arkansas Department of Finance and Administration; $9,675.53; thirteenth priority;

      n.      Arkansas Department of Finance and Administration; $5,761.95; fourteenth priority;

      o.      Arkansas Department of Finance and Administration; $29,092.33; sixteenth priority;

      p.      Professional Credit Management, Inc.; $442.00; seventeenth priority;[4]

      q.      Arkansas Department of Finance and Administration; $2,389.16; eighteenth priority.

9. In his Complaint, Plaintiff alleged that he is the owner and assignee of a note and mortgage originally made to Arlton Crowell, who assigned all of his rights and ownership to plaintiff. This note and mortgage no longer constitutes a lien or other interest as to the subject property, and any claim pursuant to such note and mortgage is inferior and subject to all other claims against the property.

10. The sale of the property is subject to the right of redemption of the United States of America for one hundred twenty days from the date of sale as provided by 28 U.S.C. § 2410 and 26 U.S.C. § 7425.

---

[4] Professional Credit Management, Inc., obtained a state District Court Judgment on or about February 13, 2003, which was filed in the Circuit Court on July 21, 2008. Interest at 10% per annum accrues beginning February 13, 2003; however, priority of the lien is based upon the filing in Circuit Court on July 21, 2008.

IT IS THEREFORE ORDERED AND DECREED:

1. That Plaintiff Jerod Matthew Smith have and recover judgment *in rem* against the real estate and not *in personam* against Defendants Heath C. Nicholas and Paulette Nicholas, in the amount of $75,115.29, including principal, interest accrued to August 12, 2012, late charges, collection costs, together with attorney's fees and costs in the amount of $7,165.00, for a total judgment amount of $82,280.29. That said total amount shall bear 0.19% interest from the date of judgment.[5]

2. That the prayer of the Plaintiff, Jerod Matthew Smith, for a Decree of Foreclosure is hereby granted.

IT IS FURTHER ORDERED that if the judgment of Plaintiff is not paid within ten (10) days from this date, then Harold Oglesby, United States Marshal for the Western District of Arkansas shall advertise the time, place, and terms of judicial sale according to law and this decree, at least once weekly for four (4) weeks prior to sale in a newspaper having a general circulation in Boone County, Arkansas, and he shall sell at public outcry, to the highest qualified bidder, at the main door of the United States Courthouse in Harrison, Arkansas, on a credit of three (3) months, the property above described. The proceeds of this judicial sale shall be applied, in the manner provided by law, to the judgment of Plaintiff. The purchaser at the Marshal's sale shall give bond with approved security to secure payment of the purchase price, and a lien shall be retained on the property to secure payment thereof. If the Plaintiff purchases the property for an amount not in excess of its judgment

---

[5] 28 U.S.C. § 1961, covers "any money judgment in a civil case recovered in a district court" and provides for interest from the date of judgment at a floating rate determined by the coupon yield of United States Treasury bills. *Id.* 4.97% is the weekly interest rate applicable to the date of this Order; therefore, this rate will be applied to calculate the rate of post-judgment interest in this case.

and costs, which are hereby granted, it may credit the Amount of its bid, less all court costs, upon its judgment and need not give bond to secure the purchase price.

     IT IS FURTHER ORDERED that upon judicial sale of this property, and confirmation thereof by the Court, then all right, title and interest of all parties in and to said property, including any rights or possibility of curtesy, dower, homestead, appraisement and redemption are forever barred and FORECLOSED, except for the statutory right of redemption of the United States. Should the sale bring proceeds or credits in excess of the Plaintiff's claim and costs, the Court reserves jurisdiction to determine the priority and amounts of the remaining Defendant's claims.

     IT IS FURTHER ORDERED that the parties will provide the Court with a report confirming the judicial sale of the real property at issue, as well as an accounting of the final disposition of the proceeds of any sale/foreclosure. Once the Court receives this report, an order of dismissal will be entered. Until such time, the Court retains jurisdiction to carry out and enforce the above findings.

     IT IS SO ORDERED this 21st day of August, 2012.

                                          /s/ P. K. Holmes, III
                                          P. K. HOLMES, III
                                          CHIEF U.S. DISTRICT JUDGE